IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**IKE PINKSTON,**                  Case Number 1:13 CV 2220

    Petitioner,                 Judge Dan Aaron Polster

    v.                     REPORT AND RECOMMENDATION

**BENNIE KELLY,**

    Respondent.             Magistrate Judge James R. Knepp II

## INTRODUCTION

Petitioner Ike Pinkston, a prisoner in state custody, filed a petition through counsel seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Bennie Kelly filed a Motion to Dismiss (Doc. 6), which Petitioner did not oppose.

The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated October 9, 2013). For the reasons discussed below, the undersigned recommends Respondent's Motion to Dismiss be granted.

## FACTUAL BACKGROUND

The relevant factual background and procedural history is summarized in Respondent's brief and incorporated herein, with only minor edits. (Doc. 6).

According to the State's Bills of Particulars:

[O]n or about the 1st day of October, 1971, at approximately 10:45 p.m., and at the location of 743 East 125th Street, in the City of Cleveland, Ohio, the Defendant, Ike Pinkston unlawfully, purposely and maliciously killed Kenneth Pannell, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.

(Exs. 1, 2, Doc. 6-1).

**PROCEDURAL HISTORY**

*Trial Court Proceedings*

On March 24, 1972, a Cuyahoga County, Ohio grand jury indicted Petitioner on one second-degree felony O.R.C. 2901.05 Murder charge. (Ex. 3, Doc. 6-1). The offense was prosecuted in Cuyahoga County Common Pleas Court Case No. CR72-003444-ZA, *State v. Ike Pinkston.*

At a March 29, 1972 arraignment hearing, Petitioner pled not guilty to the indicted charge. (Ex. 3, Doc. 6-1). Petitioner then absconded from the jurisdiction and was not taken into custody until on or about May 20, 2006. (Ex. 5, Doc. 6-1).

On August 3, 2006, the trial court referred Petitioner to the court psychiatric clinic and ordered an O.R.C. 2945.371 examination for competency to stand trial. (Ex. 5, Doc. 6-1). Petitioner and the State subsequently stipulated to Petitioner's competency evaluation results and the findings that the examining doctor was "unable to form an opinion with reasonable medical certainty, whether [Petitioner] has the ability to understand the nature and objectives of the court proceedings or is able to assist in his own defense *** based on uncertainty about the extent that his neurocognitive symptoms are malingering or the results of true illness." (Ex. 6, Doc. 6-1).

The trial court then recommended that Petitioner have an inpatient competency examination. (Ex. 6, Doc. 6-1). The inpatient competency examination similarly noted "[g]iven [Petitioner's] extremely poor performance on memory tests that assess malingering or exaggeration of cognitive deficits, it may be that he is generally exaggerating such deficits" and further found that "[i]n order to have a better evaluation as to true functioning versus exaggerated impairment, as well as an attempt to improve [Petitioner's] current knowledge about courtroom proceedings, it is suggested that an inpatient restoration to competency program be

2

instigated." (Doc. 1-5, at 34-35). After six days of inpatient observation, Petitioner was found not to have displayed any mental illness or memory lapses and he was found competent to stand trial. (Doc. 1-2, at 24-27).

On April 16, 2007, the trial court granted the State's motion to amend the indictment and with the benefit of legal counsel, Petitioner pled guilty to the amended first-degree felony O.R.C. 2901.06 Manslaughter charge. (Ex. 7, Doc. 6-1). The trial court accepted Petitioner's guilty plea, found Petitioner guilty of the first-degree felony Manslaughter charge and sentenced Petitioner to an indefinite prison term of 1 to 20 years which does not expire until June 3, 2026. (Ex. 7, Doc. 6-1).

Petitioner did not file a direct appeal of his conviction or sentence.

*Post-conviction Motion To Vacate or Set Aside Judgment of Conviction*

On February 21, 2012, Petitioner filed in the trial court a *pro* se motion to vacate and set aside conviction. (Ex. 8, Doc. 6-1). He raised this error in his post-conviction relief motion:

> 1. DEFENDANT'S CONVICTION AND SENTENCE WAS BARRED BY THE STATUTE OF LIMITATIONS.

(Ex. 7, Doc. 6-1, at 25). The State opposed the motion. (Ex. 9, Doc. 6-1). On March 19, 2012, the trial court denied Petitioner's motion. (Ex. 10, Doc. 6-1).

Petitioner did not appeal the decision to the state appellate court.

*Motion to Withdraw Guilty Plea*

On November 30, 2012, through counsel, Petitioner filed in the trial court an untimely "motion to withdraw guilty plea pursuant to Ohio Crim. R. 32.1." (Ex. 11, Doc. 6-1). Petitioner alleged that he was not competent to stand trial when he pled guilty, that his trial attorney was ineffective for deciding not to interview a key witness, and that the shooting was justifiable under state law. (Ex. 7, Doc. 6-1, at 56-60). The State filed a brief in opposition (Ex. 12, Doc. 6-

1) and Petitioner filed a reply brief in response (Ex. 13, Doc. 6-1). On December 21, 2012, the trial court denied Petitioner's motion to withdraw his guilty plea. (Ex. 14, Doc. 6-1). Petitioner did not timely appeal the decision to Ohio's Eighth District Court of Appeals.

On March 29, 2013, Petitioner, through counsel, filed an untimely notice of appeal (Ex. 15, Doc. 6-1) and a motion for a delayed appeal in the state appellate court (Ex. 16, Doc. 6-1). On April 8, 2013, under Case No. CA 99717, Ohio's Eighth District Court of Appeals denied Petitioner's motion for a delayed appeal. (Exs. 17, 16, Doc. 6-1). Petitioner did not appeal the decision to the Ohio Supreme Court.

### FEDERAL HABEAS CORPUS

Through counsel, Petitioner filed the instant Petition for habeas corpus on October 8, 2013, asserting the following grounds for relief:

> **GROUND ONE:** Petitioner received deficient legal advice to plead guilty in violation of his Sixth Amendment right to effective assistance of counsel under the United States Constitution.
>
> **GROUND TWO**: The trial court failed to make a determination whether Petitioner was competent to stand trial and took a guilty plea from Petitioner that was not knowingly, intelligently and voluntarily made in violation of his Fourteenth Amendment right to due process of law under the United States Constitution.
>
> **GROUND THREE**: The Ohio Eighth District Court of Appeals dismissed Petitioner's appeal of the trial court's denial of his motion to withdraw guilty plea, violating Petitioner's Fourteenth Amendment right to due process of law under the United States Constitution.

(Doc. 1, at 1-5).

### MOTION TO DISMISS

Unopposed, Respondent moves to dismiss the Petition as untimely. (Doc. 6).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), there is generally a one-year period in which a prisoner in state custody may file a petition for habeas relief in federal court:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under Rule 6(a)(1)(A), the statutory clock starts the day after the triggering event. Fed.R.Civ.P. 6(a)(1)(A). Applied to the case at bar, the triggering event is "the expiration of the time for seeking [direct] review". § 2244(d)(1)(A); *Bronaugh v. Ohio*, 235 F.3d 280, 284-285 (6th Cir. 2000).

Here, Petitioner was convicted and sentenced on April 16, 2007. (Ex. 7, Doc. 6-1). Under Ohio App. R. 4(A), Petitioner had 30 days, until May 16, 2007, to appeal his conviction and sentence, but did not do so. *Marcum v. Lazaroff*, 301 F.3d 480, 481 (6th Cir. 2002). Therefore, his judgment became final when the appellate filing deadline expired, on May 16, 2007. Absent tolling, the statute of limitations expired one year later, on May 16, 2008. *Bronaugh*, 235 F.3d at 284-285; 28 U.S.C. § 2244(d)(1); Fed.R.Civ.P. 6(a).

While the running of the limitations period may be tolled during the pendency of a "properly filed" application for state post-conviction relief or other collateral relief with respect to the pertinent judgment or claims under 28 U.S.C. § 2254 (d)(2), *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000), this statutory tolling provision does not revive the limitations period, it can only serve to pause a clock that has not yet expired. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Vroman v. Brigano*, 346 F.3d 598 (6th 2003); *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003).

Here, Petitioner failed to file any collateral action that tolled the relevant AEDPA one-year period between May 16, 2007, and May 16, 2008. 28 U.S.C. § 2254(d)(2). Petitioner's post-judgment proceedings were filed in 2012, several years after his conviction became final.[1] (Exs. 8, 11, Doc. 6-1). Therefore, these motions cannot serve to toll the AEDPA limitations period that had already expired. *Searcy*, 246 F.3d 515; *Vroman*, 346 F.3d 598.

*Equitable Tolling*

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). To demonstrate he is entitled to equitable tolling, a habeas petitioner must establish: 1) he has diligently pursued his rights; and 2) "that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562; *see also Robison*, 424 F. App'x at 442 (explaining that prior to

---

1. Petitioner filed Motions for "jail time credit and shock probation", which were decided in 2007. (Ex. 5, Doc. 6-1, at 10). However, Respondent claims those motions do not toll the statute of limitations under *Baker v. Wolve*, 2008 U.S. Dist. LEXIS 86638 (S.D. Ohio). (Doc. 6, at 8-9). The Court finds the issue irrelevant because even if the motions did toll the statute of limitations, the applicable time period still would have expired years before the Petition was filed.

*Holland*, the Sixth Circuit used the five factors elicited in *Dunlap v. U.S.*, 250 F.3d 1001 (6th Cir. 2001) to determine equitable tolling under AEDPA). Such equitable tolling, however, is rare, granted sparingly, and evaluated on a case-by-case basis, with the petitioner retaining the "ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011); *King v. Bell*, 378 F.3d 550, 553 (6th Cir. 2004).

Petitioner has not pointed to any extraordinary circumstance that kept him from timely filing. Thus, his Petition should be dismissed as time-barred.

## CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court grant Respondent's Motion to Dismiss the Petition as time-barred.

                                                                                        s/James R. Knepp II
                                                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985), *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).